Citibank, N.A. v Brooks (2020 NY Slip Op 01142)





Citibank, N.A. v Brooks


2020 NY Slip Op 01142


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2018-10349
 (Index No. 135241/16)

[*1]Citibank, N.A., etc., respondent,
v
Jacqueline Brooks, appellant, et al., defendants.


Jacqueline Brooks, Staten Island, NY, appellant pro se.
Greenberg Traurig, LLP, New York, NY (Brian Pantaleo of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jacqueline Brooks appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated May 14, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Jacqueline Brooks and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Jacqueline Brooks and for an order of reference are denied.
In March 2016, the plaintiff commenced this action against, among others, the defendants Jacqueline Brooks and Glen F. Brooks (hereinafter together the defendants) to foreclose a mortgage executed by them. The defendants moved to dismiss the complaint insofar as asserted against them, and the motion was denied in an order dated December 16, 2016 (see Citibank, N.A. v Brooks, ___ AD3d ___ [Appellate Division Docket No. 2017-04077; decided herewith]). By notice of motion dated August 14, 2017, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference, asserting that the defendants had defaulted in responding to the summons and complaint. The attorney affirmation submitted in support of the motion did not, in its discussion of the procedural history, disclose the prior motion practice. It did not mention the December 2016 order and did not assert that such order had been served with notice of entry, even though such service was necessary in order to trigger the running of the defendants' time to respond to the complaint (see CPLR 3211[f]). The Supreme Court granted the plaintiff's motion. Jacqueline Brooks (hereinafter the appellant) appeals.
In order to obtain a default judgment against the appellant and an order of reference, the plaintiff was required to submit evidence of service of a copy of the summons and complaint, evidence of the facts constituting the cause of action to foreclose the mortgage, and evidence that the appellant failed to appear or answer within the time allowed (see RPAPL 1321[1]; CPLR 3215[f]; JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1185; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026; 21st Mtge. Corp. v Palazzotto, 164 AD3d 1293, 1294). While the defendants did not submit an answer to the complaint, the plaintiff failed to establish that the defendants were in default in responding to the complaint in that the plaintiff did not assert that the [*2]plaintiff served the order denying the defendants' motion to dismiss with notice of entry. Without service of the order with notice of its entry, the time within which the defendants were required to answer the complaint did not begin to run (see CPLR 3211[f]). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion were for leave to enter a default judgment against the appellant and for an order of reference.
The parties' remaining contentions either are improperly before this Court or need not be reached in light of our determination.
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court